DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CHELSEA N. MADILL,

Appellant,

v.

COLETTE A. RUSSELL, as personal representative of the
Estate of Judy Dell Bush a/k/a Judy Russell, deceased,

Appellee.

No. 2D2025-1675
_____

July 24, 2026

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche
Arkin, Judge.

Rachael Alexander of Law Office of Elizabeth Devolder, PLLC, Tampa, for
Appellant.

Brice Zoecklein of Zoecklein Law, P.A., Brandon, for Appellee.


LABRIT, Judge.

This appeal requires us to decide whether Colette Russell gave
formal notice of the underlying probate proceeding to her niece Chelsea
Madill in accordance with Florida Probate Rule 5.040. We conclude that
she didn't and reverse the order that determined otherwise.

The decedent was Russell's mother and Madill's grandmother, and
she passed away in October 2021. In October 2023, Russell filed a
petition for administration of the decedent's estate and Russell sought to

admit a will that the decedent executed in 1982 to probate. Russell is a beneficiary under the 1982 will. Madill is not.

Russell acknowledged in her petition for administration that the decedent also executed a second will in 2019, but Russell alleged that the 2019 will "is not a reflection of the intent of the [d]ecedent," "was procured by undue influence," and "is thus invalid." Madill is a beneficiary under the 2019 will. Russell is not.

The record reflects that Russell mailed formal notice of the proceedings to Madill's home address on December 7, 2023, via U.S. certified mail, return receipt requested. On December 11, the United States Postal Service (USPS) brought the package to Madill's residence but no authorized recipient was available to sign for it. The tracking history indicates that USPS left a note at Madill's residence and transferred the package to one of its facilities, where the package went unclaimed. And based on these events, Russell filed proof of service of formal notice with the probate court on December 15.

Russell later obtained two orders from the probate court that are pertinent to this appeal, and both were unchallenged at the time. The first order, entered August 8, 2024, appointed Russell as the personal representative of the estate and admitted the decedent's 1982 will to probate. The second order, entered September 5, 2024, granted Russell's petition to determine the protected homestead status of the decedent's property and pronounced that the decedent validly devised her homestead to Russell under the 1982 will. *See* Fla. Prob. R. 5.405.

Madill first appeared in the action on September 20, 2024, a few weeks after entry of the second order. She filed a petition asking the trial court to revoke its orders on grounds that she was never notified of the proceedings. *See* § 733.109(1), Fla. Stat. (2024). Madill alleged that she

2

"never received any notice or note from [USPS] of any Certified Mail being attempted to be delivered on or about December 11, 2023," and that she had only recently learned of the proceedings after an interaction with a third party prompted her to check probate court filings.

Madill subsequently filed a written objection to Russell's petition for administration, along with a counterpetition through which Madill sought to admit the 2019 will to probate. But Russell objected to the counterpetition, arguing that she sent formal notice of the proceedings to Madill in December 2023 and Madill failed to timely object or respond. Russell also maintained that section 733.2123 barred Madill from challenging the validity of the 1982 will because letters of administration had already issued and no challenge was raised before their issuance.

After a hearing, the trial court sided with Russell. It entered an order denying Madill's petition to revoke its previous orders and sustaining Russell's objection to Madill's counterpetition. The trial court concluded that Russell gave formal notice of the proceedings to Madill on December 11, 2023, via certified mail, return receipt requested, in accordance with rule 5.040(a)(3). The trial court likewise reasoned that Madill's "failure to claim the certified mailing does not negate effective service." And because Madill did not challenge the validity of the 1982 will before letters of administration issued, the trial court determined that both Madill's petition to revoke its prior orders and her counterpetition to admit the 2019 will were untimely and procedurally barred. *See* § 733.212(3); § 733.2123.

This appeal followed.[1]  Madill argues that the trial court erred in concluding that she received formal notice of the proceedings in accordance with rule 5.040.  We agree.

Rule 5.040(a) sets forth the requirements for service of formal notice in probate matters.  As of December 2023 when Russell attempted service on Madill, the rule stated in pertinent part:

> (3)  *Manner of Service of Formal Notice.*  Formal notice must be served in the following manner:
>> (A)  by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt;
>> (B)  as provided in the Florida Rules of Civil Procedure for service of process;
>> (C)  as otherwise provided by Florida law for service of process; or
>> (D)  by first-class mail when only in rem or quasi in rem relief is sought against a person if:
>>> (i)  registered or certified mail service to the addressee requiring a signed receipt is unavailable and if delivery by commercial delivery service requiring a signed receipt is also unavailable;
>>> (ii)  delivery pursuant to subdivision (a)(3)(A) is attempted and is refused by the addressee; or
>>> (iii)  delivery pursuant to subdivision (a)(3)(A) is attempted and is unclaimed after notice to the addressee by the delivering entity.

Fla. Prob. R. 5.040(a)(3) (2023).  Here, Russell availed herself of the manner prescribed in subdivision (a)(3)(A) and sent formal notice to Madill "by [a] form of mail requiring a signed receipt."  *See id.*

Critically, the applicable version of rule 5.040(a) also dictated when service of formal notice was complete.  It stated:

> (5)  *Completion of Service.*  Service of formal notice pursuant to subdivision (a)(3)(A) will be complete upon receipt

---

[1] We have jurisdiction.  *See* Fla. R. App. P. 9.030(b)(1)(A); Fla. R. App. P. 9.170(b).

by the person to whom delivery is made. Service of formal notice pursuant to subdivision (a)(3)(B) will be complete as provided in the Florida Rules of Civil Procedure for service of process. Service of formal notice pursuant to subdivision (a)(3)(C) will be complete as provided by Florida law for service of process. Service of formal notice pursuant to subdivision (a)(3)(D) will be complete on mailing.

Fla. Prob. R. 5.040(a)(5) (2023). Thus, per the plain language of the rule, Russell's service on Madill under subdivision (a)(3)(A) was only "complete upon receipt by the person to whom delivery is made." *See id.*

That did not happen here. Madill averred—and the USPS tracking history confirms—that Madill never received Russell's mailing; it was instead returned to a USPS facility and unclaimed. Thus, Russell's service on Madill was never complete, and the trial court erred in concluding that it was.

Rule 5.040 also notably contemplates the scenario that occurred here. Where delivery by certified mail under subdivision (a)(3)(A) is attempted but unclaimed, the rule allows for service by first-class mail under subdivision (a)(3)(D) instead, and service by that method is "complete on mailing." Fla. Prob. R. 5.040(a)(3)(D)(iii), (a)(5) (2023). But Russell made only one attempt at service here; she sent formal notice via certified mail, but it was unclaimed and she never obtained a signed receipt. This was not effective service of formal notice under rule 5.040.

We therefore reverse the order denying Madill's petition and counterpetition, and we remand for further proceedings consistent with this opinion. We decline to reach the other issues Madill raises in this appeal because neither the order nor the record before us indicates that the trial court ruled on them first. *See Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla.*, 998 So. 2d 1201, 1207 (Fla. 2d DCA 2009).

Reversed and remanded.

5

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.